United States District Court
Southern District of Texas

**ENTERED**

July 15, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **SHUBHAM SHUBHAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01156** |
| | § | |
| **WARDEN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by *pro se* Petitioner Shubham Shubham ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner is a native and citizen of India who entered the United States at or near Lukeville, Arizona, on or about April 1, 2023. (Dkt. 10 at 2, Attach. 1.) On April 3, 2023, Petitioner was served with a Notice to Appear ("NTA") and released from custody while his immigration proceedings remain ongoing. (*See id.* at 2.) Immigration authorizes redetained Petitioner while he was driving a truck for his employer on or about May 3, 2026, and he has remained in immigration custody since then. (Dkt. 1 at 2: Dkt. 10 at 2.) On June 1, 2026, Petitioner was ordered removed to India. (Dkt. 10 at 2, Attach. 2.) Petitioner's order of removal is final as both Petitioner and government waived appeal. (*Id.*)

Petitioner filed his petition for Writ of Habeas Corpus on June 29, 2026. (Dkt. 1.) Petitioner alleges that his ongoing detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 7.) Upon receipt of the petition, the Court ordered the Respondent to file a response on or before July 6, 2026. (Dkt. 5.) The United States of America

1 / 3

("Intervenor") filed a Motion to Intervene, (Dkt. 8), which was granted on July 6, 2026. (Dkt. 9.) Intervenor filed a timely Motion for Summary Judgment, (Dkt. 10), arguing that Petitioner's detention is governed by 8 U.S.C. § 1231(a) because his order of removal has become administratively final. (*Id*. at 3–5); *see* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1.

Intervenor correctly asserts that Petitioner's detention is now governed by 8 U.S.C. § 1231(a) because he has an administratively final order of removal. Pursuant to § 1231, once an IJ issues a removal order and that order becomes "final," the Attorney General has ninety days to affect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007). In general, during this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may become eligible for supervised release until removal can be accomplished, or DHS may continue to detain him for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 689 (2001); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 385 (2005); 8 U.S.C § 1231(a)(3). In *Zadvydas,* the Supreme Court emphasized that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas,* 533 U.S. at 699 (citations omitted). Regarding the reasonableness of continued post-removal-order detention, the Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701.

As of the date of his order, Petitioner has been detained for less than 90 days since his order of removal became final, and thus, any claim for release under *Zadvydas* is premature. (*See* Dkt.

2 / 3

10, Attach. 2); 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

## CONCLUSION

Accordingly, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Intervenor's Motion for Summary Judgment, (Dkt. 10), is **GRANTED** in part. Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention is unlawful under *Zadvydas*. A separate final judgment will follow. Fed. R. Civ. Pro. 58(a).

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner by any receipted means at the following address:

**Shubham Shubham**
**A# 245-776-384**
**Rio Grande Detention Center**
**1001 San Rio Blvd**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this July 15, 2026.

Diana Saldaña
United States District Judge